**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NORA B. TAYLOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIV-06-1327-R |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## O R D E R

Before the Court are the Findings and Recommendation of United States Magistrate Judge Shon T. Erwin [Doc. No. 15] and Plaintiff's Objection to the Findings and Recommendation of the Magistrate Judge [Doc. No. 16]. Plaintiff makes three objections to the Findings and Recommendation of the Magistrate Judge, that the Magistrate Judge did not adequately consider the following: 1) the ALJ did not properly account for all of Plaintiff's limitations in determining her residual functional capacity ("RFC"); the ALJ failed to properly evaluate the medical evidence; and 3) the ALJ erred in his credibility analysis. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Findings and Recommendation of the Magistrate Judge de novo in light of Plaintiff's Objections.

The limitation that Plaintiff states that the ALJ failed to account for in determining Plaintiff's RFC is her "right hand limitations." Plaintiff does not further specify what those

limitations are but points to Dr. Juan A. Maldonado's report of his examination of the Plaintiff (Tr. at 19-21) and Plaintiff's testimony that she can "sometimes, sometimes not" pick up small objects, Tr. at 201, and that she has problems writing, too. Id. at 202. Even though Plaintiff's right-hand limitations were not severe, Plaintiff asserts that the ALJ was still required to discuss Plaintiff's right-hand impairment at steps four and five and to include limitations therefrom in his hypothetical inquiry to the vocational expert.

At step three, the ALJ specifically noted that although Plaintiff had no sensory loss, adequate handgrip strength and "was able to manipulate small objects with her right hand like picking up a paper clip or a toothpick," she "did not utilize the right hand fully" but used her thumb and fingers other than the index finger, which she did not use. Tr. at 16-17. He further noted that the Plaintiff could hold a hammer with her right hand but that when she did so her index finger "did not participate in the holding of the hammer and the closure of the hand was not as tight as the left hand." Id. at 17. At step four, the ALJ plainly considered both Plaintiff's testimony concerning her difficulties with or limitations of her right hand and the results of Dr. Maldonado's examination of Plaintiff, including his assessment of Plaintiff's right hand grip strength and manipulative abilities in determining Plaintiff's RFC. He specifically found at step four that the Plaintiff had "full use of her left hand and utilized her right hand to the extent she needs and is able to manipulate small objects effectively." Tr. at 20. Considering Plaintiff's normal grip strength in her right hand and demonstrated ability to pick up and manipulate small objects in Dr. Maldonado's examination of Plaintiff and the ALJ's finding that the claimant's statements concerning the limiting effects of her

symptoms were not entirely credible, Tr. at 17, it was unnecessary for the ALJ to include a limitation for Plaintiff's use of her right hand in his hypothetical questions to the vocational expert. And what would such limitation of function be? Plaintiff does not tell the Court and the Court doesn't know. Plaintiff could use her right hand to hold, pick up and manipulate objects and while her right index finger did not "participate in these" actions, the non-participation of Plaintiff's right index finger was not shown to impose any <u>functional</u> limitation.

Plaintiff suggests that the ALJ erred in rejecting the opinion of her treating physician, Dr. Trey Cail, D.O., in his Medical Source Statement because other medical evidence in the record, specifically the opinion of David W. Dawson, M.D. on February 24, 2004 and Dr. Maldonado's findings, supported Dr. Cail's opinion. She further asserts that "if the ALJ did not believe the evidence from Dr. Cail was sufficient the ALJ should have recontacted Dr. Cail for more detailed information," Objection at pp. 5-6, citing 20 C.F.R. § 416.912(e)(1); <u>White v. Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001); and SSR 96-5p.

As Plaintiff recognizes, an ALJ can reject a treating physician's opinion completely but he must give "'specific, legitimate reasons'" for doing so. <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1301 (10th Cir. 2003) (<u>citing</u> <u>Miller v. Chater</u>, 99 F.3d 972, 976 (10th Cir. 1996) (<u>quoting</u> <u>Frey v. Bowen</u>, 816 F.2d 508, 513 (10th Cir. 1987)). In this case the ALJ rejected Plaintiff's treating physician's residual functional assessment of Plaintiff contained in his Medical Source Statement that Plaintiff "had less than sedentary residual functional capacity," Tr. at 19, because it "is not supported by findings or treatment history." <u>Id.</u> The

ALJ specifically noted that Dr. Cail had only seen the Plaintiff twice and that Plaintiff's "treatment history and findings did not warrant a less than sedentary residual functional capacity." Id.  As the Magistrate Judge found, the ALJ gave specific legitimate reasons for rejecting Dr. Cail's assessment.  Indeed, Dr. Cail's assessment is not supported by any medical findings.  Dr. David Dawson's notation on a prescription form "Unable to work," Tr. at 72, is hardly support for Dr. Cail's assessment.  It is not a medical opinion and is not supported by any medical findings or even medical records of Dr. Dawson.   In any event, it is clear that the ALJ found that Dr. Cail's assessment of Plaintiff's functional limitations was not supported by the record as a whole.  Compare with White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).  The ALJ did not err in not recontacting Plaintiff's treating physician, Dr. Cail, whom Plaintiff saw only twice, because the record contained sufficient evidence on which to base an RFC finding.  Dewey v. Barnhart, 178 Fed. Appx. 794, 799, 2006 WL 1109767 at *5 (10th Cir. April 27, 2006) (No. 05-3329).  See White v. Barnhart, 287 F.3d at 908-909 (treating physician's conclusion was insufficiently supported by the record as a whole).

As noted above, the ALJ found that the Plaintiff's "statements concerning the intensity, duration and limiting effects of these symptoms [she described] are not entirely credible." Tr. at 17.  The ALJ stated that having "considered the claimant's complaints as directed by SSR 96-7p," he found "that the allegations of significant limitations in the ability to perform basic work activities are not credible to the extent alleged." Tr. at 19.  Plaintiff argues that "[t]he ALJ did not sufficiently state why he found Taylor not fully credible

regarding her subjective complaints" and said "the ALJ cited to little evidence to support his assertion and did not provide any analysis of Taylor's pain." Objection at p. 6. It is thus in the third step of the evaluation of complaints of disabling pain that Plaintiff asserts that the ALJ erred. In making his determination of the Plaintiff's credibility, the ALJ considered 1) "the combination of all the claimant's medically determinable impairments," Tr. at 19; 2) Plaintiff's medical records show that Plaintiff has had no limitations placed on her ability to work other than from Dr. Cail, who saw the Plaintiff only once in September 2005 and once in December 2005, id.; that the Plaintiff testified that she had last worked in August of 2002 yet Plaintiff had earnings in 2003 and had reported that she worked at Girling Health Care from August 2002 through 2004, id.; 3) the results of the consultative examiner's examination of Plaintiff, id.; 4) Plaintiff's daily activities, id. at 17 & 19; 5) the levels of medication Plaintiff used (two over-the-counter Aleve per day), id. at 19 & 20; 6) the ALJ's own observation of Plaintiff during the hearing, id.; and 7) the fact that the Plaintiff had sought very little private medical treatment. Id. at 19. Thus, the ALJ discussed the evidence in Plaintiff's case relevant to nearly all of the factors listed in Hargis v. Sullivan, 945 F.2d 1482, 1488 (10th Cir. 1991) which may be considered in assessing a claimant's credibility. As explained by the Magistrate Judge, the ALJ's analysis and findings as to the Plaintiff's credibility comport with Tenth Circuit authority and the standards set forth in 20 C.F.R.§§ 404.1529(c), 416.929 and SSR 96-7p.

In accordance with the foregoing, Plaintiff's Objection to the Findings and Recommendations of the Magistrate Judge [Doc. No. 16] is without merit; the Findings and

Recommendation of the Magistrate Judge [Doc. No. 15] are ADOPTED in their entirety; and the decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income benefits is AFFIRMED.

**IT IS SO ORDERED this 6th day of December, 2007.**

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE